IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANDY A. MILLIGAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-3187-S-RED-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Andy Milligan ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Commissioner.[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands

2

of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff alleges three points of error by the ALJ. One, the ALJ erred in evaluating Plaintiff's credibility for his subjective complaints. Two, Plaintiff alleges that the ALJ erred in finding that Plaintiff had no severe limitations. Three, Plaintiff alleges the ALJ failed to adequately develop the record.

Plaintiff alleges that the ALJ erred in evaluating Plaintiff's credibility for his subjective complaints. The ALJ found that the Plaintiff was not credible in his complaints of chronic diarrhea. Specifically, no medical records show that Plaintiff sought any treatment for this condition. Rather, the records only show one mention in October of 2000, close to the time of the accident Plaintiff credits with causing this limitation, where his diarrhea was noted to have "improved." (TR. 184). There are medical records that state Plaintiff is having "normal" bowel and gastrointestinal functioning. (TR. 146, 181, 190, 199, 222, 229).

Plaintiff stated that he had complained to his doctor on several occasions regarding his

3

chronic diarrhea and was informed that there was no medication or procedure which would help his condition, and thus he never sought any further treatment. However, there is no medical record showing that Plaintiff so complained or was so advised to his condition.

Additionally, the ALJ noted that the Plaintiff's level of activity did not support his alleged limitations. Plaintiff's daily activities included driving, sometimes on cross-country trips including Iowa and Wyoming, mowing, vacuuming, and mopping as well as playing softball and attending weekly church services. Clearly, the ALJ considered several factors in determining the Plaintiff's credibility. The ALJ articulated the inconsistencies between the evidence and Plaintiff's testimony in discounting his subjective complaints. The ALJ's determination is based on the record as a whole.

In his second point of error, Plaintiff alleges that the ALJ erred in finding that Plaintiff's alleged limitation, chronic diarrhea, was not a severe impairment. Plaintiff's complaint of chronic diarrhea is based solely on his testimony and claims to the Social Security Administration, rather than any medical evidence. As such, this issue is essentially one of the ALJ's determination of Plaintiff's credibility. For the reasons stated above, the ALJ properly discounted Plaintiff's credibility. Thus, the ALJ considered all the relevant evidence in his determination that Plaintiff's complaint of chronic diarrhea was not a severe limitation.

Plaintiff's last point of error is that the ALJ did not adequately develop the record. Plaintiff argues that if the ALJ did not believe Plaintiff's testimony that his physician, Dr. Larsen, had told him there was nothing to be done to resolve Plaintiff's chronic diarrhea, then the ALJ had a duty to contact Dr. Larsen. This is not the case. An ALJ is required to re-contact a treating source when the records are "inadequate for [the ALJ] to determine whether [the claimant is] disabled."

4

Examples include instances when the report contains a conflict, and ambiguity, does not contain all necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 4.04.1512 (e).

In this case, Plaintiff is not alleging that his medical records are incomplete. Rather, Plaintiff suggests that when the medical records did not comport with Plaintiff's testimony, the ALJ had a duty to re-contact the source of those records. The case law and regulations do not give and ALJ this sort of duty. The ALJ relied on a complete set of medical records, for which there was no indication that additional inquiry was necessary.

## IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole and is due to be **AFFIRMED**.

**IT IS SO ORDERED.**

DATE:    July 17, 2006            */s/ Richard E. Dorr*
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT